**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 10, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

ROMAN V. SERPIK, Article III man,

Plaintiff - Appellant,

v.

JILL WEEDON, GINA WEBB,
ANGELA C. MARSEE, MICHELLE
K. ROPER, COLBY VAUGHAN, in
their individual and official
capacities; STATE OF OKLAHOMA,

Defendants - Appellees.

No. 24-6071
(D.C. No. 5:23-CV-00988-JD)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Roman V. Serpik, proceeding pro se,[1] appeals from the district court's dismissal of his civil rights action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

In January 2023, Oklahoma State Trooper Colby Vaughan pulled Mr. Serpik over for failing to stop at a red light. During the traffic stop, Mr. Serpik refused to provide his driver's license, name, or birthdate. Trooper Vaughan arrested him, and he was charged with obstructing an officer and failure to stop at a red light, in violation of Oklahoma law. Judges Jill Weedon and Michelle Roper presided over Mr. Serpik's criminal proceedings; District Attorney (D.A.) Angela Marsee and Assistant District Attorney (A.D.A.) Gina Webb prosecuted the case. An Oklahoma state jury found Mr. Serpik guilty on both charges, and he was sentenced to one year and ten days in prison, with six months of his sentence suspended.

Mr. Serpik sued Judges Weedon and Roper, D.A. Marsee, A.D.A. Webb, and Trooper Vaughan in federal district court. His complaint asserted that the defendants violated his constitutional rights in numerous ways from the arrest through trial and sentencing.

---

[1] Because Mr. Serpik represents himself, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Judge Weedon moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) and, in a separate motion, the rest of the defendants did the same. On February 12, 2024, the district court granted the motions, reasoning that Judges Weedon and Roper were entitled to absolute judicial immunity and that Mr. Serpik's claims against D.A. Marsee, A.D.A. Webb, and Trooper Vaughan were frivolous. The order indicated that the court would not enter judgment until February 22, 2024, "to allow Serpik an opportunity to follow Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1 for any proposed motion for leave to file an amended complaint and proposed amended complaint that overcomes the deficiencies identified in this Order." Suppl. R. at 11.

Mr. Serpik filed two timely motions to amend his complaint, but he did not attach a proposed amended complaint to either motion. The court entered judgment on February 22, finding that he failed to comply with Local Civil Rule 15.1, which requires that proposed amended pleadings be attached to the motion to amend.

Mr. Serpik filed a motion for reconsideration in which he again sought leave to amend his complaint. The court denied reconsideration and denied leave to amend, explaining that it had given him "time to seek an opportunity to amend his complaint, but he failed to properly do so." R. at 150.

3

## II

### A

"The district court has discretion when considering whether to allow a plaintiff to amend its complaint. We will not overturn that decision absent an abuse of discretion." *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citation omitted).

The district court did not abuse its discretion here. The court explained that it had already afforded Mr. Serpik the opportunity to file an amended complaint before it entered judgment and that he did not comply with the applicable rules. This explanation was sufficient. *See id.* (holding that refusing leave to amend "without expressing any justification" is an abuse of discretion, but the district court's decision will stand "if the denial rests on articulated reasons"); *Castanon v. Cathey*, 976 F.3d 1136, 1145 (10th Cir. 2020) (upholding denial of motion to amend based in part on plaintiff's failure to comply with a local rule).

### B

We review de novo a dismissal for failure to state a claim under Rule 12(b)(6). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this standard, we accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### 1

Mr. Serpik raised numerous claims against the judges, including that Judge Weedon threatened to hold him in contempt when he tried to assert his rights to freedom of religion and freedom of travel, and that Judge Roper mishandled the initial appearance for his criminal proceedings.

The district court found that Mr. Serpik failed to state a claim because "[j]udges have absolute judicial immunity for acts taken in their judicial capacity," Suppl. R. at 7, and he had alleged no facts suggesting that the judges acted outside their judicial capacity or without jurisdiction. The court therefore dismissed Mr. Serpik's claims against the judges with prejudice. *See Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978) (holding that judges have absolute immunity for acts taken in their judicial capacity).

On appeal, Mr. Serpik contends that Judges Weedon and Roper were not entitled to judicial immunity, but he does not explain why. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was

wrong."). Because his argument is unsupported, we decline to consider it. *See Kelley v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008) (holding that "perfunctory" allegations of error that "fail to frame and develop an issue" are insufficient "to invoke appellate review" (alteration and internal quotation marks omitted)).

**2**

Among other things, Mr. Serpik claimed that he did not consent to his criminal proceedings, his traffic infractions were not crimes, and D.A. Marsee and A.D.A. Webb charged him under a false name and charged him with committing a crime that was "made up or false." R. at 10. He sought a federal investigation into the use of "official positions in government to personally attack living man and woman with fictitious contracts without discovery or full disclosure," and dismissal of his criminal case "due to systematic fraud and perjury against PERSONS, men and woman." *Id.* at 14.

The district court found Mr. Serpik's claims against the remaining defendants bore "the hallmarks of typical sovereign citizen arguments" and were frivolous. Suppl. R. at 9. It held that his arguments were "not based on a cognizable legal theory," and that he failed to allege sufficient facts to demonstrate his claims were plausible. *Id.* at 10. Therefore, the court concluded that Mr. Serpik failed to state a claim against D.A. Marsee,

A.D.A. Webb, and Trooper Vaughan and dismissed his claims against them without prejudice.

On appeal, Mr. Serpik argues the district court erred by mischaracterizing him as a sovereign citizen, when he is a "Sovereign-freeman." Opening Br. at 44. He makes myriad conclusory assertions, but he has not pointed to allegations in the complaint that were sufficient to state a claim. Thus, the district court properly dismissed Mr. Serpik's claims against D.A. Marsee, A.D.A. Webb, and Trooper Vaughan.

## C

Mr. Serpik filed a motion to recuse the federal district court judge who dismissed his complaint. He claims she is biased and prejudiced against him, improperly identified him as a sovereign citizen when he is not a member of that group, has a personal relationship with the defendants in his case, and is protecting the defendants' criminal acts.

Mr. Serpik's complaints about the district court judge stem from the rulings she made against him. But "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (internal quotation marks omitted). And our review of the record shows the district court carefully considered each of Mr. Serpik's filings and issued thoughtful explanatory orders. We detect no hint of bias against him or partiality to the defendants. Moreover,

because we affirm the dismissal of Mr. Serpik's complaint, his motion to recuse the district court judge is moot.

### III

We affirm the district court's judgment and deny Mr. Serpik's motion to recuse the district court judge. We also deny Mr. Serpik's motion for a copy of the supplemental record on appeal.

Entered for the Court

Richard E.N. Federico
Circuit Judge